

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building              (302) 573-6277
1007 Orange Street, Suite 700    FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

January 17, 2006

**Via Electronic Filing**

The Honorable Gregory M. Sleet
United States District Judge,
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:   **United States v. Richard E. Shoemaker**
            **Criminal Action No. 05-68-GMS**

Dear Judge Sleet:

    The parties respectfully request that the Court schedule a change of plea hearing in the above-captioned case. Enclosed is a copy of a memorandum of plea agreement executed by Mr. Shoemaker and his counsel.

                                        Respectfully submitted,

                                        COLM F. CONNOLLY
                                        United States Attorney

                      BY: _____
                                        Adam Safwat
                                        Assistant United States Attorney

Enclosure

cc:    Christopher S. Koyste, Esq.
        The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 05-68-GMS |
| RICHARD E. SHOEMAKER, | : |
| Defendant. | : |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Adam Safwat, Assistant United States Attorney for the District of Delaware, and Christopher S. Koyste, Esquire, attorney for the Defendant, RICHARD E. SHOEMAKER, the following agreement is hereby entered into by the respective parties:

1. The Defendant agrees to plead guilty to Count I of the Indictment in this case. Counts I charges the Defendant with committing the offense of counterfeiting Federal Reserve Notes, with intent to defraud, in violation of Title 18, United States Code, Section 471. The essential elements of the offense, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) that the Defendant falsely made, forged, counterfeited, or altered any obligation or security of the United States; and (ii) that the Defendant acted with the intent to defraud. The maximum penalties for Count I are twenty years imprisonment, a $250,000.00 fine, three years of supervised release following any term of imprisonment, and a $100.00 special assessment.

2. The United States will recommend a three-level reduction in the offense level for the charge above for the Defendant's affirmative acceptance of responsibility under Sentencing Guideline § 3E1.1, provided the Defendant's offense level is sixteen (16) or more; otherwise, the United States will recommend a two-level reduction in the offense level.

3. The Defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

4. At or about the time of sentencing, the United States agrees to move to dismiss Count Two of the Indictment.

5. The Defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The Defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The Defendant recognizes that the final determination of the Defendant's sentence will be made by the Court. The Defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The Defendant agrees that he will not be allowed to withdraw his guilty plea because the Court calculates the guidelines differently than he expects, or imposes a sentence greater than what he expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of his attorney.

6. If the Court sentences the Defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the Defendant

is unable to pay the full amount of the special assessment or fine at the time of sentencing, the defendant agrees to enter voluntarily the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt ordered.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. However, if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the Defendant does not receive the benefits he expects from any such stipulation or recommendation, the Defendant may not withdraw his guilty plea.

8. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this

///

Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

|  |  |
|---|---|
| /s/ Christopher S. Koyste<br>Christopher S. Koyste, Esquire<br>Attorney for Defendant | COLM F. CONNOLLY<br>United States Attorney<br><br>By: _____<br>Adam Safwat<br>Assistant United States Attorney |
| /s/ Richard E. Shoemaker<br>Richard E. Shoemaker<br>Defendant | |

Dated: __JANUARY 13TH__, 2006

\* \* \*

AND NOW, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
The Honorable Gregory M. Sleet
United States District Judge
District of Delaware